## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**                                                 **Case No. 09-CR-865 JEC**

**CAROLYNNE TILGA, MICHAEL
CHANDLER, AND HELEN GEER,**

      **Defendants.**

### MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the *Motion and Incorporated Memorandum of Law by Defendant Carolynne Tilga for a Bill of Particulars* (Doc. 68), filed September 15, 2009. Having reviewed the parties' submissions and being otherwise fully informed, the Court will GRANT the motion in part and DENY it in part, as set forth below.

## I.    BACKGROUND

The Government contends that Defendant Carolynne Tilga has committed conspiracy to defraud the United States as well as tax evasion in the years 1999-2004. *Redacted Indictment* (Doc. 2), filed April 9, 2009. Plaintiff filed the instant Motion seeking additional information as to the alleged conspiracy and as to the specific acts of tax evasion alleged.

## II.    LEGAL STANDARD

"The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Higgins*, 2 F.3d 1094, 1096 (10th Cir. 1993) (internal quotation and citation omitted). "[A] bill of particulars is required 'only where the charges of the indictment are so

general that they do not advise the defendant of the specific acts of which he is accused.'" *United States v. Chalmers*, 410 F.Supp.2d 278, 283 (S.D.N.Y. 2006) (quoting *United States v. Torres*, 901 F.2d 205, 234 (2nd Cir. 1990)).

Courts considering motions for bills of particulars should consider "whether the requested particularization is necessary to defendant's preparation for trial and avoidance of unfair surprise at trial." *United States v. Strawberry*, 892 F.Supp. 519, 526 (S.D.N.Y. 1995) ("That the requested information would be useful to the defendant is not enough; if the defendant has been given adequate notice of the charges against him, the Government need not be required to disclose additional details about its case").  Courts may also consider "the complexity of the offense, the clarity of the indictment, and the degree of discovery otherwise available to the defendants." *Chalmers* at 283 (quoting *United States v. Shoher*, 555 F.Supp. 346, 349 (S.D.N.Y.1983)).

Even where the Government has provided voluminous discovery, however, a bill of particulars may be appropriate.  *United States v. Bin Laden*, 92 F.Supp.2d 225, 234 (S.D.N.Y.2000) (providing that "sometimes, the large volume of material disclosed is precisely what necessitates a bill of particulars").  In any case, "[b]ills of particulars are not intended to serve as a general discovery device or a means to allow defendants to preview the Government's case." *Chalmers*, 410 F.Supp.2d at 285 (citing *United States v. Gibson*, 175 F.Supp.2d 532, 537 (S.D.N.Y.2001)).  "As a general rule, the defendant does not 'need' detailed evidence about a conspiracy in order to prepare for trial properly. Details as to how and when a conspiracy was formed, or when each participant entered it, need not be revealed before trial." *Strawberry*, 892 F.Supp. at 526.

III.    **DISCUSSION**

The indictment in the present case charges Defendant Tilga with one count of conspiracy to defraud the United States (Count I) and six counts of tax evasion—one count for each year from 1999-2004.  *Redacted Indictment* (Doc. 2).

Despite acknowledging she has received 50,000 pages of discovery documents from the Government, *Motion* at 3, Defendant Tilga requests a bill of particulars so that she may determine "information [she] desperately needs to prepare her defense," *Motion* at 8.  With regard to Count I for conspiracy to defraud the United States, Tilga seeks (A) the dates when each unindicted coconspirator allegedly entered and exited the conspiracy, (B) the coconspirator statements the Government will seek to have admitted into evidence to bind Tilga; and (C) the role of each unindicted coconspirator in the alleged conspiracy.  *Id.*  She also claims it is necessary to know each affirmative act of tax evasion in order to assess potential statute of limitations issues.  *Id.*  Because the relevant statute of limitations is six years, 26 U.S.C. § 6531(2), Counts II, III, and IV would be barred to the extent that no affirmative acts of evasion took place after Tilga's Form 1040s were filed.

A.    **Additional Information is Not Necessary for Tilga to Prepare Her Defense, Minimize Surprise at Trial, or Plead Double Jeopardy as to the Alleged** *Klein* **Conspiracy**

In order to sustain a conviction for conspiracy to defraud the United States, the Government must prove "that (1) the defendant entered into an agreement; (2) the agreement involved a violation of the law; (3) one of the members of the conspiracy committed an overt act; (4) the overt act was in furtherance of the conspiracy's object; and (5) the defendant wilfully entered the conspiracy."  *United States v. Thompson*, 518 F.3d 832, 853 (10th Cir. 2008)

(internal quotations and citation omitted).

The heart of the alleged conspiracy in this case appears to be the purchase and use of Commonwealth Trust Company ("CTC") products, which the Government contends Defendants used "to conceal from the IRS significant amounts of income generated from their adult internet businesses." *Redacted Indictment* (Doc. 2) at 3, ¶ 12. The CTC products allegedly used are identified in the Indictment, including Cabernet Financial, Worldwide Communications, and General Management Services, as are Tilga's assets which were allegedly transferred to these entities, including a Lexus; a Ford truck; a Mercedes; homes in Taos, Santa Fe, and Hawaii; and real property in Aspen, Telluride, and Crested Butte, Colorado. *Id.* at 4-11. The Government contends that Tilga failed to report assets and income transferred to CTC entities and "caused false liens to be filed against their properties in amounts exceeding fair market value, in order to hinder tax enforcement efforts by the IRS." *Id.* at 4, ¶¶ 14 & 17.

Tilga does not raise potential statute of limitations issues with regard to the conspiracy charge. In fact, Tilga would have to present evidence that she withdrew from the conspiracy in order to trigger the running of the six-year statute of limitations as to her. Suneel J. Nelson & Rollo C. Baker, *Tax Violations,* 46 AM.CRIM.L.REV. 1099, 1142-43 (Spring 2009) (citing *Hyde v. United States*, 225 U.S. 347, 369-70 (1912) for the proposition that a member of conspiracy is still considered a member if any of his associates commit overt acts within statute of limitations and *United States v. Read*, 658 F.2d 1225, 1233 (7th Cir. 1981) for the proposition that prosecution is barred after defendant has withdrawn from conspiracy and statute of limitations has expired). Not only does Tilga fail to allege any withdrawal from the conspiracy, but the indictment sets forth specific overt acts, allegedly taken in furtherance of the conspiracy, as

4

recently as 2006.  Thus, Tilga has sufficient information to allow her to prepare a statute of limitations defense to the conspiracy charges.

Apart from any statute of limitations defense, the Government's 45 separately-enumerated alleged acts in furtherance of the conspiracy sufficiently advise Tilga of the charges and minimize surprise at trial.

      **B.**      **Defendant Tilga Requires the Information Requested in her Bill of Particulars as to Tax Evasion**

 "In order to prove a defendant guilty of tax evasion, the government must show (1) a substantial tax liability, (2) willfulness, and (3) an affirmative act constituting evasion or attempted evasion."  *Thompson*, 518 F.3d at 850 (internal quotations and citation omitted).

The Indictment indicates that Tilga understated her 1999 taxes owed by over $600,000, her 2000 taxes by over $300,000, her 2001 taxes by more than $10,000, her 2002 taxes by more than $750,000, her 2003 taxes by more than $40,000, and her 2004 taxes by more than $150,000. *Indictment* at 12-15.  In addition to filing false Form 1040s in each of these years, the Government alleges that Tilga "us[ed] nominee entities to conceal her receipt of taxable income" and "transferr[ed] taxable income to offshore bank accounts and entities which did not report to the IRS." *Id.*  The Indictment does not name the specific accounts or entities used in each year. *Id.*

In the Motion for Bill of Particulars, Tilga contends that unless the Government identifies each affirmative act of tax evasion, she will be unable to assess potential statute of limitations issues.  The Court agrees with Tilga in this regard.  Apparently, the Government also agrees, as it has provided a list of ten alleged affirmative acts of tax evasion, including false or misleading statements that Tilga gave to the IRS in connection with summons service on her corporations

occurring January 18, 2005 and Tilga's act of instructing Grant Simmons to lie to the IRS if he were ever questioned about Tilga's business ownerships and interests sometime after 2004. *Resp.* at 3-4.

The Court will therefore order the Government to file a Bill of Particulars setting forth each affirmative act by Defendant Tilga that the Government contends amounts to tax evasion, the approximate date of that action, and, to the extent that Tilga's act includes making false statements, the Court will order the Government to identify the false statement.  The Government shall also identify the tax year or years to which each alleged act of tax evasion applies.

**IV.     CONCLUSION**

Defendant Tilga is entitled to a Bill of Particulars setting forth each affirmative act of tax evasion committed by her (including identification of any false statements made by her), the date of each such action, and the tax year or years to which each alleged act of tax evasion relates.

WHEREFORE, **IT IS  ORDERED** that the ***Motion and Incorporated Memorandum of Law by Defendant Carolynne Tilga for a Bill of Particulars*** (**Doc. 68**), filed September 15, 2009, is **GRANTED in part and DENIED in part**.

Within 14 days of this Order, the Government shall file a file a Bill of Particulars setting forth (1) each affirmative act by Defendant Tilga that the Government contends amounts to tax evasion (including identification of any false statements made by her); (2) the approximate date of each such action; and (3) the tax year or years to which each alleged act of tax evasion applies.

Dated November 9, 2009.

6

s/John Edwards Conway

_____

SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiffs:

Jonathon M. Gerson, AUSA
Paula G. Burnett, AUSA
Albuquerque, NM

Joseph M. Giannullo, AUSA
Washington, DC

Counsel for Defendant Tilga:

Kimberly A. Middlebrooks, Esq.
Albuquerque, NM

Roma W. Theus II, Esq.
Wellington, FL

Counsel for Defendant Chandler:

Milton Hirsch, Esq.
Miami, FL

Counsel for Defendant Geer:

Bryan A. Pori, Esq.
Kenneth Gleria, Esq.
Albuquerque, NM

Angela L. Owens, Esq.
St. Petersburg, FL