IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                         Case No. 09-CR-865 JEC

CAROLYNNE TILGA, MICHAEL
CHANDLER, AND HELEN GEER,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the *Motion and Incorporated Memorandum of Law by Defendant Carolynne Tilga to Dismiss Counts 2, 3 and 4 of the Indictment Because Those Counts are Barred by the Statute of Limitations* (Doc. 73) ("Motion"), filed October 15, 2009. Having reviewed the parties' submissions and being otherwise fully informed, the Court will DENY the motion, as set forth below.

### I.    BACKGROUND

Via an indictment returned April 9, 2009, the Government charges Defendant Tilga with five counts of tax evasion for the years 1999-2004. *Redacted Indictment* (Doc. 2), at 12-15. Defendant Tilga seeks to dismiss Count 2, alleging tax evasion in the 1999 tax year, Count 3, alleging tax evasion in the 2000 tax year, and Count 4, alleging tax evasion in the 2001 tax year. The basis for her Motion to Dismiss is that the six-year statute of limitations, *see* 26 U.S.C. § 6531, expired prior to return of the Indictment. *Motion* at 1.

The Government opposes dismissal of Counts 2, 3 and 4 on two grounds. First, the Government points out that Defendant Tilga committed additional evasive actions in 2003, 2005, and 2006, effectively extending the statute of limitations as to Counts 2, 3 and 4. *United States'*

*Resp. To Def. Tilga's Motion to Dismiss for Statute of Limitations* (Doc. 83) ("Resp.") at 2. *Bill of Particulars* (Doc. 85) at ¶¶ y, cc, dd. Second, the Government contends the statute of limitations was suspended pursuant to 18 U.S.C. § 3292. *Resp.* at 4.

Although Defendant Tilga acknowledges the statute of limitations was suspended, she argues the suspension should not save Counts 2 and 3 because the Government's application was filed *after* the limitations periods had already expired for these counts. *Motion* at 8. Defendant further argues that Count 4 should be dismissed because the Government failed to advise the Court that obtaining foreign evidence would amount to violations of her attorney-client privilege. *Id.*

## II.   DISCUSSION

In the Tenth Circuit, the statute of limitations applicable to tax evasion cases "begins to run on the date of the last affirmative act of evasion." *United States v. Anderson*, 319 F.3d 1218. 1219 (10th Cir. 2003). The defendant in *Anderson* deposited $100,000 in a Swiss bank account in 1991, filed a false tax return in 1992 denying any interest in a foreign bank account, and followed it up by continuing to deny interest in a foreign account on his 1993, 1994, 1995, and 1996 tax returns. *Id.* Although the statute of limitations as to the 1992 false return would have expired prior to his 1999 indictment absent any subsequent acts of evasion, the statute of limitations was actually 2002, or six years after his last false return, filed in 1996. *Id.*

Affirmative acts of evasion also include making false statements to IRS agents. *Id.* (citing *United States v. Ferris*, 807 F.2d 269, 271 (1st Cir. 1986)).

The Indictment in the present case charges Defendant Tilga with income tax evasion during calendar years 1999 (Count 2), 2000 (Count 3), and 2001 (Count 4). Because the

Indictment as to these counts was not returned until April 9, 2009, Defendant Tilga contends that the six-year statute of limitations, 26 U.S.C. § 6531, expired and Counts 2, 3, and 4 should be dismissed. *See generally Motion*.

The Indictment does not provide dates in Counts 2, 3, or 4, as to when alleged acts of evasion occurred, each of these counts alleges that, in addition to filing false tax returns, Defendant Tilga "us[ed] nominee entities to conceal her receipt of taxable income" and "transferr[ed] taxable income to offshore bank accounts and entities which did not report to the IRS." *Indictment* at 12-13. Given the absence of dates on which affirmative acts of evasion allegedly occurred, the Court granted in part Defendant Tilga's *Motion for Bill of Particulars* (Doc. 68) on November 9, 2009. *Memorandum Opinion and Order* (Doc. 80). The Government subsequently filed its *Bill of Particulars* (Doc. 85) on November 24, 2009, setting forth the following affirmative acts of tax evasion which are relevant to Defendant's Motion:

> y) Defendant Carolynne Tilga, on or about the entire calendar year of 2003, caused incomplete information to be furnished to the Certified Public Accountant who prepared Defendant Tilga's Federal Income Tax Returns. This act of tax evasion relates to the 1999, 2000, 2001, 2002, and 2003 tax years;
>
> ...
>
> (cc) Defendant Carolynne Tilga, on or about January 18, 2005, gave false or misleading information to the Internal Revenue Service (IRS) agents in connection with summons service for Defendant Tilga's companies. This act of tax evasion relates to the 1999, 2000, 2001, 2002, 2003, and 2004 tax years;
>
> (dd) Defendant Carolynne Tilga, on or about June 1, 2006, met with her former employee named Grant Simmons and told him to give false and misleading information to the (IRS) if he was ever questioned about Defendant Tilga's activities by the IRS. This act of tax evasion relates to the 1999, 2000, 2001, 2002, 2003, and 2004 tax years.

*Bill of Particulars* at 4-5.

Defendant objects to her prosecution as to these additional acts of evasion, claiming "[t]here is *no* indication that these issues were presented to or considered by the federal grand jury that returned the Indictment" and that the Government's Bill of Particulars is therefore "tantamount to an illegal amendment of the Indictment." *Reply* (Doc. 86) at 5-6.

Contrary to Defendant's argument, the Indictment reflects the grand jury's consideration of her alleged communications with Grant Simmons. Specifically, the Indictment states:

> 63. On or about June 1, 2006, after the IRS told Defendant TILGA that she was under investigation for possible tax violations, she appeared at the house of a former employee, having the initials "G.S.", and told this former employee that "she was not going to the fall, that he was going to pay."
> 64. On or about various dates between 2003 and 2006, Defendant TILGA told a former employee, having the initials "G.S.", that if he was ever questioned about TILGA's properties or business interests, to lie and say that "Carolynne Tilga did not own them."

*Indictment* at 11. The Court will therefore measure the statute of limitations on Counts 2, 3, and 4 as running from 2006, rather than 1999, 2000, and 2001, respectively. As such, the statute of limitations as to these counts does not expire until 2012, and the Indictment will not be dismissed.

Because Counts 2, 3, and 4 are not barred by the statutes of limitations, the Court will not reach Defendant Tilga's additional argument relating to suspension of the statutes of limitations pursuant to 18 U.S.C. § 3292.

### III.  CONCLUSION

Finding that the statutes of limitations applicable to Counts 2, 3, and 4 have not run in

light of Defendant Tilga's alleged later acts of evasion, the Court **DENIES** the *Motion by*

*Defendant*

*Carolynne Tilga to Dismiss Counts 2, 3, and 4 of the Indictment Because Those Counts Are*

*Barred by the Statute of Limitations* (Doc. 73), filed October 15, 2009.

      DATED:  January 14, 2010.

                                              s/John Edwards Conway

                                              SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

Jonathon M. Gerson, AUSA
Albuquerque, NM

Joseph M. Giannullo, AUSA
Washington, DC

Counsel for Defendant Tilga:

Kimberly A. Middlebrooks, Esq.
Albuquerque, NM

Roma W. Theus II, Esq.
Wellington, FL

Counsel for Defendant Chandler:

N/A

Counsel for Defendant Geer:

Brian A. Pori, Esq.
Kenneth Gleria, Esq.
Albuquerque, NM

Angela L. Owens, Esq.
St. Petersburg, FL