IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

          Plaintiff,

      vs.                                       CRIMINAL NO. 09-865 JB

CAROLYNNE TILGA and
MICHAEL CHANDLER,

          Defendants.

**GOVERNMENT'S RESPONSE
TO DEFENDANT CAROLYNNE TILGA'S
SUPPLEMENTARY SENTENCING MEMORANDUM**

The United States of America hereby responds to Defendant Carolynne Tilga's

Supplementary Memorandum in Aid of Sentencing [Doc. 168], filed January 6, 2012.  In

her Supplementary Memorandum, Tilga argues that the Court should vary or depart from

her guideline sentencing range in order to impose a non-custodial sentence.  As more

fully set out below, Tilga's Supplementary Memorandum was untimely filed without

leave of the Court.  The Court has the authority to disregard her filing on this basis.  If the

Court considers the merits of Tilga's Supplementary Memorandum despite her

untimeliness, the Court should decline to depart or vary from the guideline sentencing

range on the basis of the information she presents.

<u>The Supplementary Memorandum was Untimely Filed</u>

The Indictment in this case was filed on April 9, 2009.  Tilga entered her guilty plea on January 6, 2011.  Tilga's Presentence Report was disclosed on July 26, 2011.  Tilga filed a Sentencing Memorandum [Doc. 161] on October 6, 2011, in which, *inter alia*, she requested a non-custodial sentence, and a variance and a downward departure from the guideline sentencing range towards that end.  *Id.* at 12-23.  On October 13, 2011, the Court held a evidentiary hearing upon issues raised by the Presentence Report; on November 8, 2011, the Court filed a Memorandum Opinion and Order [Doc. 165] ruling upon various aspects of the calculation of Tilga's advisory sentencing guidelines.  On December 19, 2011, the Court calendared the resumed sentencing hearing for January 12, 2012.  Doc. 166.  Finally, on January 6, 2012, less than a week before the remainder of her sentencing hearing was to take place, Tilga filed the present Supplementary Memorandum.

Tilga's Supplementary Memorandum was filed with the apparent purpose of supplementing her previously filed request for a sentencing downward departure or variance.  Toward that end, she provides information concerning the health and education of one of her daughters.  Tilga argues, in substance, that her daughter's condition should be considered by the Court in determining whether to grant her previously filed request for a downward departure or variance.  In her plea agreement, Tilga specifically reserved the right to move at sentencing for a downward departure or a variance.  Tilga Plea

Agreement at ¶¶ 17-18.  The local rules of this Court, however, place limitations on when

motions for downward departures or variances may be filed.  The rules provide that

motions for downward departure must be filed within 21 days of the date of disclosure of

the presentence report.  D.N.M.LR-Cr. 32.C.[1]

The Court should find that Tilga's Supplementary Memorandum constitutes a

motion for downward departure or for variance, and should find that it was filed in

violation of the local rule requiring such motions to be filed within 21 days of disclosure

of the Presentence Report.  The local rules provide that the Court may alter the 21 day

time limit for good cause shown, *id.*, but Tilga has offered no basis for a finding of good

cause.  The information contained in the Supplementary Memorandum was all known to

Tilga at the time she filed her original Sentencing Memorandum, and she gives no reason

as to why, if she thought it was relevant, she failed to include the additional information

with her original filing.  In the absence of any showing of good cause, the Court should

find that the Supplementary Memorandum was filed in violation of the local rules.

The Court has the authority to disregard an untimely sentencing pleading in the

absence of good cause for the late filing.  *Compare, United States v. Eastteam*, 426 F.3d

1301, 1303 (10th Cir. 2005) (court did not err in refusing to consider defendant's untimely

objection to PSR where defendant could not show good cause for delay).  Tilga has

---

[1]  The local rules do not specifically address the timing of motions for variances, but the
government reads Rule 32.C to apply both to motions for downward departure and motions for
variance.

previously filed an extensive Sentencing Memorandum, and the Court is already in possession of substantial information concerning the defendant's circumstances. The exclusion of the material included in the Supplementary Memorandum would not undermine that basic fairness or validity of a sentence herein. The Court may accordingly exercise its discretion not to consider the untimely Supplementary Memorandum.

The Court Should Not Vary or Depart from the Applicable
Guideline Range Upon the Individualized Facts of this Case

If the Court considers the content of the Supplementary Memorandum notwithstanding its untimeliness, the Court should determine that the Supplementary Memorandum does not present sufficient reason to depart or to vary from the applicable guideline sentence, either on its own or in combination with the reasons Tilga offered in her original Sentencing Memorandum.

The government reads the Court's Memorandum Opinion and Order [Doc. 165] of November 8, 2011, to result in a final adjusted offense level of 12 for Tilga. At Criminal History Category I and Offense Level 12, Tilga's guideline imprisonment range is 10 to 16 months, and she is in Zone C of the Guideline Sentencing Table. In both her original Sentencing Memorandum and her Supplementary Sentencing Memorandum, Tilga has asked the Court to impose a non-custodial sentence. As a Zone C offender, however, Tilga is not eligible for a sentence of probation unless the Court downwardly departs to Zone B or below, or unless the Court varies from the guideline imprisonment range pursuant to the factors enshrined in 18 U.S.C. § 3553. *See* U.S.S.G. § 5B1.1(a). The

Court should find that the information included in the Supplementary Sentencing Memorandum does not constitute a sufficient basis, either standing alone or in combination with Tilga's original Sentencing Memorandum, to justify a downward departure or a variance.

In her Supplementary Sentencing Memorandum, Tilga argues, in substance, that she should be entitled to a departure or a variance because one of her daughters has Sensory Integration Disorder and Attention Deficit/Hyperactivity Disorder ("ADHD"). Notably, the only factual support offered for these assertions is Tilga's own letter to the Court, without any documentation from medical providers. Even assuming the truth of Tilga's assertions about her daughter's health condition, however, she has not offered a basis for a variance or downward departure. While it is unfortunate that Tilga's daughter suffers from these maladies, they are in themselves neither rare nor unusual.

According to the Centers for Disease Control, as of 2007 some 5.4 million children between the ages of 4 and 17 years old had been diagnosed with ADHD. *See* Centers for Disease Control webpage on ADHD statistics, www.cdc.gov/ncbddd/adhd/data.html . In a 2004 article published in the American Journal of Occupational Therapy, Ahn, Miller, Millberger and McIntosh conservatively estimated the incidence of Sensory Integration Disorder among typically developing children at 5.3 percent, but noted a much higher incidence among children with other disabilities (including ADHD). See Ahn, *et al.*, Prevalence of Parents' Perceptions of Sensory Processing Disorders Among Kindergarten

Children (2004), American Journal of Occupational Therapy 58: 287-293 (available at

www.spdnetwork.com/pdf/Prevalence-of-Parents-Perceptions-of-SPD-2004.pdf ).

Tilga's daughter's developmental disabilities should accordingly not be found to be a

basis for determining that an individualized sentence for Tilga would require a departure

or a variance.

Neither should Tilga's experience homeschooling her daughter be found to be a

basis for a downward departure or variance.  As Tilga herself notes, in the event that the

defendant were incarcerated and no one else were available to provide homeschooling,

any school attended by her child would be required by federal law to provide an

appropriate education.  Doc. 168-1 at 6 (citing Individuals with Disabilities Education Act

("IDEA"), 20 U.S.C. § 1400, *et seq.*).  Tilga's prospective dissatisfaction with the level of

resources that her school district may be able to provide, and her uncorroborated assertion

that her child's condition would deteriorate were she sentenced to a term of

imprisonment, should not constitute a basis for varying or departing from a guideline

sentence.

It is an unfortunate fact that the defendant's children will be hurt by any term of

imprisonment that may be imposed upon Tilga.  With all due consideration for her

feelings as a mother as she faces sentencing, this is something Tilga should have weighed

before she decided to join a conspiracy to defraud the United States.  It is often the case

that a criminal defendant's own children are among those worst hurt by his or her

conduct.  This frequent occurrence does not support Tilga's claim that she should receive a non-custodial sentence.

## CONCLUSION

For the reasons stated herein as well as in the Sentencing Memorandum of the United States [Doc. 162], filed October 8, 2011, the Court should deny Tilga's motions for a downward departure and a variance.  The Court should impose a custodial sentence upon Tilga at the top of the applicable sentencing guideline range.  The Court should also impose a substantial fine.  Finally, the Court should enter special conditions of supervised release or, if applicable, probation, consistent with Paragraph 15 of the Plea Agreement, requiring Tilga to participate in good faith in the IRS audit of her tax compliance, and to cooperate in such audit.

Respectfully submitted,

KENNETH J. GONZALES
United States Attorney

*Electronically filed*
*01/10/11*
JONATHON M. GERSON
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

I HEREBY CERTIFY that a true and correct copy
of the foregoing pleading was electronically served
on all counsel of record upon this 10th day of January,
2012, via the Court's CM/ECF automated filing system.


*Electronically filed*
<u>*01/10/12*</u>
Jonathon M. Gerson
Assistant United States Attorney