# UNITED STATES DISTRICT COURT
**District of New Mexico**

| UNITED STATES OF AMERICA | **Judgment in a Criminal Case** |
|---|---|
| V. | |
| **Carolynne Tilga** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **1:09CR00865-001JB** |
| | USM Number: **48405-051** |
| | Defense Attorney: **Roma Theus/Kimberly Middlebrooks/Andrew Weinstein, Retained** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **1 of Indictment**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 18 U.S.C. Sec. 371 | Klein Conspiracy | 06/30/2006 | 1 |

The defendant is sentenced as provided in pages 2 through **7** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☒ Count **s 2 through 10** are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**January 13, 2012**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**April 5, 2012**
Date Signed

Defendant: **Carolynne Tilga**
Case Number: **1:09CR00865-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **8 months**.

**Defendant Carolynne Tilga, pursuant to a Plea Agreement, filed January 6, 2011 (Doc. 126), pled guilty to Count I of the Indictment, filed April 9, 2009 (Doc. 2), charging her with a violation of 18 U.S.C. § 371, that being conspiracy to defraud the United States for the purposes of impeding the lawful government functions of the Internal Revenue Service. See Plea Agreement ¶ 3, at 2. The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Tilga on July 26, 2011. The Court addressed several objections to the PSR and found that a 2-level sophisticated-means enhancement should apply. See Memorandum Opinion and Order at 1, filed November 8, 2011 (Doc. 165)("MOO"). In the PSR, the USPO calculated Tilga`s total offense level to be 10. The PSR concluded that Tilga had a base offense level of 12, pursuant to U.S.S.G. § 2T4.1(D). See PSR ¶ 38, at 19. The PSR included a 2-level reduction under U.S.S.G. § 3E1.1 based on Tilga`s acceptance of responsibility. PSR ¶ 45, at 21. The PSR lists her criminal history category as 1, based on 0 criminal history points. See PSR ¶ 49, at 22. Pursuant to the Court`s MOO and U.S.S.G. § 2T1.1, Tilga`s offense level increased 2 levels, establishing a total offense level of 12. See MOO at 1. An offense level of 12 and a criminal history category of I results in a guideline imprisonment range of 10 to 16 months. There being no disputes about the PSR`s factual findings, the Court adopts them as its own.**

**Tilga moves the Court for a non-custodial sentence. Plaintiff United States of America moves the Court for a sentence at the high end of the guideline range. The Court adopts the sentencing calculation, with the addition of the sophisticated-means enhancement, in the PSR as its own.**

**The Court notes that Tilga conspired to defraud the Internal Revenue Service and the United States. The Court has carefully considered the guidelines. Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant. Tilga has a total offense level of 12 and a criminal history category of I, which establishes a guideline imprisonment range of 10 to 16 months.**

**After careful consideration of the facts and circumstances of this case, the Court concludes that the punishment set forth in the guidelines is not appropriate for this sort of offense. The Court believes that the guidelines produce a sentence that is slightly higher than necessary to achieve the purposes of 18 U.S.C. § 3553(a). The Court believes that there are four factors which warrant some variance. First, although the restitution does not take the case out of the heartland and thus does not justify a departure, the Court recognizes that Tilga has paid a sizeable amount in restitution. Given this restitution, it is unlikely that the United States is still suffering a loss and has been made whole. The Court believes that the amount of restitution and that the United States has been made whole warrants some variance. Second, the Court believes that there has been some rehabilitation and that she has accepted responsibility for her actions. Given Tilga`s position in society, this conviction is a staggering blow, and the Court believes that she has re-evaluated her choices. The Court does not believe that Tilga will recidivate and takes her at her word that she has undergone some internal changes as a result of this case. Third, any period of incarceration will place a burden on Tilga`s children, who are home-schooled and have some health issues. Finally, the Court believes that Tilga`s place within the community and the stigma she has faced within that community makes it unnecessary to emphasize some of the 18 U.S.C. § 3553(a) factors. On the other hand, this is a very serious crime.**

**Before the Court found that a 2-level sophisticated-means enhancement should apply to Tilga`s conduct, the United States argued in favor of a 12-month sentence, which was at the high-end of the then-applicable guideline range. The Court believes that the appropriate starting place is at 12 months, because originally the United States sought, and was satisfied with, a 12-month sentence. Although the Court ordinarily sentences at the bottom of the guideline range, the Court does not believe a sentence at the low-end of the guidelines is an appropriate starting point here. Twelve months marks an appropriate starting point for sentencing, because Tilga is wealthy and she committed this crime to increase her wealth -- not to support a needy family. Tilga could have lived very lavishly without this fraud. The Court also agrees with the United States that her case is not the classic example of aberrant behavior. This conspiracy continued for a significant period of time. With a 12-month starting point and four factors weighing in favor of a variance, the Court believes that a sentence of 8-months imprisonment is appropriate and adequately reflects the 18 U.S.C. § 3553(a) factors. The Court believes that to vary further would not provide a just punishment. The Court does not believe that it needs to deter Tilga from committing this offense again, but the Court has to emphasize general deterrence. The public has to know that her crime is a serious offense and that wealthy white-collar defendants, not just indigent defendants, will be punished. Equal justice before this Court demands similar treatment of wealthy and indigent defendants. The Court also does**

not believe that it has to emphasize protecting the public from Tilga, but again, believes that some incarceration is necessary to protect the tax structure and prevent people from attempting to take advantage of the United States. The Court believes that anchoring the sentence to the guideline range and then varying based on Tilga`s individual circumstance is the best way to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. The Court believes that, if it varies too greatly and imposes a non-custodial sentence, the sentence becomes unanchored and could result in sentencing disparities. Furthermore, the Court does not believe that a non-custodial sentence adequately reflects the seriousness of the offense, promotes respect for the law, or provides general deterrence. Although the Court believes that some variance was necessary to provide a just punishment, the Court will not vary to a non-custodial sentence. The Court concludes that an 8-month sentence accomplishes goals of 18 U.S.C. § 3553(a), along with some of the conditions of supervised release that the Court will impose. The Court finds that supervised release will provide Tilga with some needed training, education and care to prevent her from committing another offense. While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court concludes that this sentence is reasonable. Finally, the Court determines that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Tilga to 8-months imprisonment and 2-years supervised release.

The Court will also impose a fine of $56,141.88 as part of Tilga`s sentence. The United States asked that the Court impose a substantial fine on Tilga. The statutory maximum is a $250,000.00 fine. See 18 U.S.C. § 3571(a)(b)(3). Tilga appears able to pay a fine. Tilga has assets in excess of $7,800,000.00 and receives approximately $26,500.00 in monthly income. See PSR at 28-29. Tilga argued that the Court should also look to her contingent liabilities when determining her ability to pay a fine, because the Internal Revenue Service will be filing a civil action against Tilga and she will have other obligations to pay in the future, which will likely be substantial. The Court is cognizant of those potential liabilities; however, it may be that such liabilities are not levied or are not as substantial as Tilga fears. The Court does not believe that the fine it will impose is so great that it will impact Tilga`s ability to pay these future, contingent liabilities. The guidelines provide that, for an offense level of 12 to 13, the fine range is $3,000.00 to $30,000.00. The Court finds that a fine at the high end of the guideline range is appropriate for this offense. Accordingly, the Court begins with a fine of $30,000.00. The Court then calculates the cost to the United States to incarcerate Tilga for eight months, which, at a cost of $2,357.01, will be roughly $18,708.07. Because the Court imposed a sentence which included 2-years of supervised release, the Court also calculates what the United States will expend to monitor Tilga. The Court believes that, at a cost of roughly $328.20 per month, the United States will spend approximately $7,876.80 while Tilga is on supervised release. Accordingly, the Court imposes a fine of $56,141.88.

☒   The court makes the following recommendations to the Bureau of Prisons:

   **Phoenix Federal Correctional Institution, Phoenix, Arizona, if eligible**

☐   The defendant is remanded to the custody of the United States Marshal.
☒   The defendant shall surrender to the United States Marshal for this district:
  ☐   at  on
  ☒   as notified by the United States Marshal.
☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐   before 2 p.m. on
  ☐   as notified by the United States Marshal
  ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Defendant: **Carolynne Tilga**
Case Number: **1:09CR00865-001JB**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **2 years** .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

Defendant: **Carolynne Tilga**
Case Number: **1:09CR00865-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

The defendant must participate in and successfully complete an outpatient mental health treatment program as approved by the probation officer. The defendant may be required to pay a portion of the cost of this treatment as determined by the Probation Officer.

The defendant will be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without prior approval of the probation officer.

The defendant must provide the probation officer access to any requested financial information, personal income tax returns, authorization for release of credit information, and other business financial information in which the defendant has a control or interest.

As to Standard condition No. 5, it shall be revised as follows: The Defendant shall obtain and maintain full time, legitimate employment, or attend a vocational or academic training program as approved by the probation officer, throughout the term of supervised release.

As to Standard condition No. 13, it shall not apply.

The Defendant shall cooperate and arrange with the Internal Revenue Service to pay all taxes, past and present, including any interest and penalties owed. The Defendant shall file timely, accurate and lawful income tax returns and show proof to the probation officer.

Defendant: **Carolynne Tilga**
Case Number: **1:09CR00865-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐ The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
| | $100.00 | $56,141.88 | $0.00 |

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A    ☒    In full immediately; or

B    ☐    $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**As to the fine, the Defendant will make payments of not less than $10,000.00 every 3 months.**

**Although the Mandatory Victims Restitution Act (MVRA) of 1996 is not applicable in this case, restitution can be ordered for Title 26 cases (i.e. tax evasion) as a special condition of supervised release, pursuant to 18 U.S.C. §§ 3583(d), 3563(b)(2), and 3556.**

**The co-defendant in this case paid all restitution owed on April 13, 2011. After having her taxes re-filed, it was determined that she owed over $3.3 million in back taxes and interest and penalties. As of the disclosure of the presentence report, the restitution has been paid in full.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.