IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                                                  CR 09-865 JB

CAROLYNNE TILGA,
    Defendant.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CAROLYNNE TILGA'S UNOPPOSED MOTION TO MODIFY FINE PAYMENT SCHEDULE [Doc. 209]

COMES NOW, defendant Carolynne Tilga, through her counsel of record, Monnica L. Garcia, Esq., and pursuant to the Court's minute order [Doc. 210], hereby submits her memorandum of law in support of her unopposed motion to modify the fine payment schedule [Doc. 209], and states as follows:

### BACKGROUND

On January 6, 2011, Ms. Tilga entered a guilty plea to one count of a violation of 18 U.S.C. § 371. On January 13, 2013, Ms. Tilga was sentenced to a period of eight (8) months incarceration in the U.S. Bureau of Prisons. As part of the sentence imposed, this Honorable Court imposed a fine of $56,141.88. As to this fine, the Court ordered Ms. Tilga to make payments of not less than $10,000.00 per month, every three months. *See Doc. 183*.

Ms. Tilga is in compliance with all Internal Revenue Service (IRS) regulations and laws. Indeed, she opened herself to a full IRS audit and has paid all penalties and restitution owed to the government, totaling well in excess of two million dollars. The only matter that remains pending is the payment of the Court imposed fine. Ms. Tilga's first scheduled payment

1

of $10,000.00 is due on August 1, 2013. However, since the Court imposed the fine and set forth the payment schedule six months ago, Ms. Tilga's financial situation has changed.

Upon advice of her tax attorney, Ms. Tilga's monetary funds were deposited in the Cyprus banking system. Recently the government of Cyprus has essentially frozen all large depositors' assets in that country's banking system. *See* http://www.dailyfinance.com/on/cyprus-crisis-bank-deposits/. Ms. Tilga now finds herself without funds to cover the substantial payment schedule imposed by this Court. Considering the significant change in Ms. Tilga's financial solvency, on June 21, 2013, Ms Tilga filed an unopposed motion to modify the fine payment schedule as follows:

- $1,000.00 per month for the first six months, beginning August 1, 2013.
- $3,342.79 per month for the remaining fifteen (15) months, beginning February 1, 2014.

Neither Assistant U.S. Attorney Jonathan Gerson, nor United States Probation Officer Karl Acosta opposes a modification in Ms. Tilga's fine payment schedule as described above. Ms. Tilga is not requesting a reduction of her total fine amount; she is instead requesting a modification of the terms in which the total fine is repaid, given the unexpected change in circumstances.

On June 24, 2013, this Court entered a minute order directing the parties to "advise the Court of the authority that allows the Court to change the sentence." *Doc. 210.*

## LEGAL ARGUMENT

It is commonly cited law that a district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization. *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). In *Mendoza* the court decided the issue of

whether, following the vacatur of a conviction for using a firearm during the course of a drug offense in a 28 U.S.C. § 2255 proceeding, the Court had jurisdiction to resentence the defendant on remaining related convictions. The Tenth Circuit decided that the district court did have such authority. *Id*. at 708.

Here, the Court is presented with a different situation. The defendant is not requesting to be re-sentenced or for a reduction or full suspension of a previously imposed fine. Instead, Ms. Tilga requests that due to changed circumstances, that the Court modify the payment schedule in which her fine is to be paid. However, because the original payment schedule is included in the Judgment and Sentence, the Court's authority to grant Ms. Tilga's request has come into question. The Court should, however, respectfully grant Ms. Tilga's unopposed motion to modify the payment schedule because the Court does indeed have the authority to do so and the modification is in the interests of justice, given Ms. Tilga's change in economic circumstances, the government's lack of opposition to the request and her compliance with paying over 2 million dollars thus far in penalties and restitution.

Under 18 U.S.C. § 3572 and 18 U.S.C. § 3664, a monetary fine or monetary restitution may be imposed on a criminal defendant by a district court. Both provisions permit the district court to "adjust the payment schedule, or require immediate payment in full, as the interests of justice require," but both provisions also require a defendant to notify the court of a material change in the defendant's economic circumstances. 18 U.S.C. §§ 3572(d)(3), 3664(k). *See also Williams v. United States*, 120 F. App'x 284, 285 (10th Cir. 2005)(defendant was not entitled to suspension of payments on fines and restitution until completion of his incarceration; defendant made no showing that he had experienced change in circumstances, and even if such showing had been made, only adjustment, not suspension, of payments was statutorily authorized).

18 U.S.C.A. § 3572 states in pertinent part:

**(d) Time, method of payment, and related items.--(1)** A person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments. If the court provides for payment in installments, the installments shall be in equal monthly payments over the period provided by the court, unless the court establishes another schedule.

--

**(3)** A judgment for a fine which permits payments in installments shall include a requirement that the defendant will notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine. Upon receipt of such notice the court may, on its own motion or the motion of any party, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

## CONCLUSION

Ms. Tilga is statutorily required to notify the court of any material change in her economic circumstances that might affect her ability to pay the fine assessed by the Court. *See* 18 U.S.C.A. § 3572(d)(3), supra. She has notified the Court by her unopposed motion [Doc. 209] of the nature of her liquid funds being frozen in a Cyprus bank account, which affects her ability to pay the fine according to the previously ordered payment schedule in the Judgment and Sentence entered in January of 2013. Accordingly, the statute clearly allows the Court to "adjust the payment schedule". Ms. Tilga's proposed adjusted payment schedule submitted to the Court in the motion and order, and cited herein, is not opposed by the government or by the probation department.

WHEREFORE, for the foregoing reasons, Ms. Tilga respectfully requests this Court issue an Order modifying the payment schedule on the fine imposed by this Court as described herein and in Doc. 209.

                      Respectfully Submitted,

                      <u>Electronically filed 7/5/13</u>
                      Monnica L. Garcia
                      Attorney for Carolynne Tilga
                      1110 2nd Street N.W.
                      Albuquerque, N.M. 87102
                      (505) 792-4048

I hereby certify that a true and
Correct copy of the foregoing was
e-mailed to AUSA Jonathon Gerson,
via CM/ECF, on this 5th day of
July, 2013.

_____/s/_____
Monnica L. Garcia
Attorney at Law

5