IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                                                          CR 09-865 JB

CAROLYNNE TILGA,

        Defendant.

**UNOPPOSED MOTION FOR TERMINATION OF SUPERVISED RELEASED**

    Carolynne Tilga, through her counsel of record, Monnica L. Garcia, hereby moves this Honorable Court to enter an order terminating her term of supervision. In support of this motion, Ms. Tilga states as follows:

    1.  On January 6, 2011, Ms. Tilga entered a guilty plea to one count of conspiracy to defraud the United States for the purpose of impeding the lawful government functions of the Internal Revenue Service, in violation of 18 U.S.C. § 371.

    2.  On January 13, 2013, Ms. Tilga was sentenced to a period of eight (8) months incarceration in the U.S. Bureau of Prisons. As part of the sentence imposed, this Honorable Court imposed a fine of $56,141.88.

    3.  On April 5, 2012, the Judgment and Sentence was entered by this Court, setting forth a term of 2 years of supervised release. *Doc. 183.*

    4.  Ms. Tilga was released form BOP custody on May 10, 2013 and has completed over 1 year of supervised release.

    5.  18 USCS § 3564(c) provides:

The court, after considering the factors set forth in section § 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

6.  Although there is not a lot of case law on motions for the early termination of probation pursuant to Section 3564(c), there is general agreement that the early termination of probation is a decision entrusted to the sound discretion of the District Court. *See United States v. Atkin*, 38 Fed. Appx. 196, 2002 WL 378076 (6th Cir. 2002) (unpublished); *United States v. Lussier*, 104 F.3d 32, 36 (2nd Cir. 1997); *United States v. Briones-Garza*, 680 F.2d 417 (5th Cir. Tex. 1982).

7.  In a sister court, a motion for early termination of probation was made on the grounds that the Defendant paid his fine and assessment in full and complied with the terms and conditions of probation for nine months. *United States v. Marquez*, 2007 U.S. Dist. LEXIS 48369 (E.D. Cal. June 27, 2007).  Continued probation supervision was not necessary to protect the public from further crimes because the Defendant successfully completed a treatment program, which would address any concerns that he may be a danger to the public. *See id*.

8.  Similarly here, Ms. Tilga has served her sentence, completed her halfway house time, completed all requirements of her, paid her fine and has stayed current on her tax liabilities.

9.  The fine Ms. Tilga paid was significant, yet she paid that and obtained a release statement from the Department of Justice.  Ms. Tilga also completed a final settlement with the IRS based on all audited years and all amounts due have been paid to the IRS.  She opened herself to a full IRS audit and has paid all penalties and restitution owed to the government, totaling well in excess of two million dollars.

10. Ms. Tilga has maintained employment and submitted pay stubs to her probation officer. She has also submitted all monthly reports in a timely manner.

11. Ms. Tilga was also informed previously that her probation status was changed to "administrative" since she had completed everything required of her.

12. Ms. Tilga seeks early termination so that she can more easily conduct business and travel with more ease, since while on supervision, she is not allowed to "enter into any contracts" without approval or travel, which has affected her career.

13. Given the completion of all her supervised release requirements, her payment of all her fines, restitution and tax liabilities, and her good conduct while on her first year of supervision, she is eligible and worthy of early probation termination under 18 USCS § 3564(c).

14. Assistant US Attorney Jonathon Gerson was contacted about his position on this motion and advises that the government does not oppose terminating supervision.

15. Counsel has made several attempts to contact U.S. Probation officer George Rodriguez, but has not received a response. However, the government does not oppose.

WHEREFORE, Carolynne Tilga respectfully requests this Court grant her motion and enter an Order terminating the remainder of her term of supervised release.

Respectfully Submitted,

/s/ Monnica L. Garcia
Monnica L. Garcia
Law Office of Monnica L. Garcia, LLC
1110 Second Street, NW
Albuquerque, New Mexico 87102
Phone: (505) 242-3919
Facsimile: (505) 792-2268
MonnicaLGarcia@gmail.com

## CERTIFICATE OF SERVICE

     I hereby certify that on this 18th day of August, 2014, I filed the foregoing pleading electronically through the CM/ECF system, which caused counsel of record for the United States, and current counsel of record for the Defendant(s), to be served with a copy of this pleading by electronic means.

/s/ Monnica L. Garcia
Monnica L. Garcia